# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

DION KIRK HUMPHREY,

                Plaintiff,

       v.

THE U.S. FEDERAL BUREAU OF
INVESTIGATIONS, THE U.S.
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES *et
al.,*

                Defendants.

Case No. 3:22-cv-00193-SLG

## ORDER RE PACER FEES

On May 24, 2023, self-represented litigant, Dion Kirk Humphrey ("Plaintiff"), filed a motion seeking an order exempting him from the service fees associated with using the Public Access to Court Electronic Records ("PACER") system.[1] Plaintiff attached a "Delinquency Notice" from the PACER Service Center displaying a past due balance of $86.20 that is dated May 17, 2023.[2] On June 9, 2023, Defendants filed a response indicating they had no position on the matter, but provided a copy of Form CJA 23: Financial Affidavit in Support of Request for

---

[1] Docket 26.

[2] Docket 26-1.

Attorney, Expert, or Other Court Services Without Payment of Fee.[3] Then, on June 14, 2023, Plaintiff filed a Financial Affidavit.[4]

Although Plaintiff paid the initial Court filing fee,[5] he now claims that paying the fees that he has accrued on PACER would cause him financial hardship.[6] However, a plaintiff "must allege poverty 'with some particularity, definiteness and certainty.' "[7] While Plaintiff included some information in his Financial Application, he did not provide sufficient information, particularly as to how much income he receives from his "Owner Occupied Rental Property" and any other income sources, although he indicated that he pays his groceries with an "EBT Card."[8] Without more details, the Court cannot determine whether it may properly waive any fees.

Additionally, PACER is supported by user fees and exemptions from PACER user fees are uncommon.[9] A court determines on a case-by-case basis whether a self-represented litigant may be exempt from PACER fees. A court may grant an

---

[3] Dockets 27, 27-1.

[4] Docket 28.

[5] Docket 1 (Filing fee $402/receipt #ANC100019380).

[6] Docket 26 at 1.

[7] *Escobedo v. Applebees,* 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir. 1981).

[8] *See* Docket 27-1.

[9] *Katumbusi v. Gary,* No. 2:14-CV-1534 JAM AC, 2014 WL 5698816, at *4 (E.D. Cal. 2014) ("*In forma pauperis status* alone does not support a request to waive PACER fees.").

Case 3:22-cv-00193-SLG   Document 32   Filed 06/27/23   Page 2 of 4

exemption upon finding that the requesting party has demonstrated that an exemption is necessary to avoid an unreasonable burden and to promote public access to information.[10] However, an exemption should only be granted for a "definite period of time, should be limited in scope, and may be revoked at the discretion of the court granting the exemption."[11] Therefore, a party should request an exemption prior to accruing charges, not, as is the case here, after the charges have already been incurred.[12] Further, it is unclear to the Court how Plaintiff incurred the charges he seeks to be exempted from and whether those charges are solely related to this case. The Court takes judicial notice[13] of Plaintiff's other case, *Humphrey v. Straube, et al.,*[14] that is also currently pending before the Court.

For the reasons above, the Court will not grant a request to waive Mr. Humphrey's past due PACER balance. Additionally, the Court does not find that an exemption from future PACER charges is warranted at this time. Both the Court

---

[10] *In re Gollan,* 728 F.3d 1033, 1035 (9th Cir. 2013). *See also* PACER, Options to Access Records if you Cannot Afford PACER Fees, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed June 27, 2023).

[11] PACER, Electronic Public Access Fee Schedule, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed June 27, 2023).

[12] *Cf.* Local Rule 3.1(c)(3) (requiring applications to proceed *in forma pauperis* to be "fully completed signed *before* an application to waive prepayment of fees will be considered.") (emphasis added).

[13] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019). A court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[14] Case No. 3:22-cv-00009-JMK.

Case No. 3:22-cv-00193-SLG, *Humphrey v. The U.S. Federal Bureau of Investigations et al*
Order re PACER Fees
Page 3 of 4

and Defendants have provided Plaintiff with a copy of each document filed in this case.[15]  If a plaintiff chooses to access court records electronically, there is no charge for viewing case information or documents at courthouse public access terminals. Documents printed from the public access kiosk cost $0.10 per page, and documents printed by the Clerk's Office cost $0.50 per page.[16]  If a plaintiff chooses to access court records through PACER, the fee is a modest $0.10 per page retrieved, and the charge for any single document has a cap of $3.00, which is equivalent to 30 pages.  PACER does not charge for electronic access until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.[17]

For the reasons above, Plaintiff's Motion at Docket 26 is **DENIED**.

DATED this 27th day of June, 2023, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[15] *See Freeland v. Sacramento City Police Dep't,* No. CIV S-06-0187 LKK DAD P, 2009 WL 545994, at *5 (E.D. Cal. 2009) ("Here, it is not clear why plaintiff needs access to PACER to pursue this litigation. Both the defendants and this court have properly served him with all documents filed in this case free of charge.").

[16] *See* Docket 3 at 6. *See also* Local Rule 79.2.

[17] PACER, Pricing Frequently Asked Questions, https://pacer.uscourts.gov/help/faqs/pricing (last accessed June 27, 2023).

Case No. 3:22-cv-00193-SLG, *Humphrey v. The U.S. Federal Bureau of Investigations et al*
Order re PACER Fees
Page 4 of 4