# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DION KIRK HUMPHREY,<br><br>           Plaintiff,<br><br>    v.<br><br>THE U.S. FEDERAL BUREAU OF INVESTIGATIONS, et al.,<br><br>           Defendants. | Case No. 3:22-cv-00193-SLG |

### ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION RE INEFFECTIVE ASSISTANCE OF COUNSEL

Before the Court at Docket 33 is Defendants' Motion for Summary Judgment, Defendants being the U.S. Federal Bureau of Investigations ("FBI") and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") (hereafter "Defendants"). Self-represented Plaintiff Dion Humphrey responded in opposition at Docket 36, with a supplemental brief in opposition at Docket 37. Defendants replied at Docket 38.[1] Also before the Court at Docket 39 is Mr. Humphrey's motion regarding "Ineffictive [sic] Assistance of Counsel Pursuant to 18 U.S.C. Subsection 921(33)(B) [sic]." Defendants responded in opposition at Docket 42,

---

[1] Mr. Humphrey also filed a reply to Defendants' reply at Docket 40. Mr. Humphrey is cautioned that, generally, if he is the non-moving party, he is limited only to one response. If he is the moving party, he may file a reply after Defendants have filed a response to his motion.

and Mr. Humphrey did not reply.[2]  Oral argument was not requested and was not necessary to the Court's determination of these motions.

## BACKGROUND

Plaintiff Dion Humphrey is a resident of Alaska and attempted to purchase a firearm from a licensed dealer in Alaska in mid-2022, but was denied "following a mandatory check of the National Instant Criminal Background Check System ('NICS')."[3]  Between 1989 to 1997, Mr. Humphrey was convicted in the state of Washington of five offenses, which involved taking a vehicle without permission, burglary, and controlled substances.[4]  In 2003, Mr. Humphrey was convicted of three felonies in the state of Washington, including assault in the second degree,[5] which alleged Mr. Humphrey "did intentionally assault [three people] with a deadly weapon, to-wit: an automobile," in violation of the Revised Code of Washington ("RCW") § 9A.36.021(1)(c).[6]  Eighteen years later, in December 2021, a Washington court vacated and set aside all three of those felony convictions.[7] Then, in June 2022, a Washington court restored Mr. Humphrey's "right to possess

---

[2] Mr. Humphrey also filed a Request for Judicial Notice in Support of Plaintiff's Complaint Against Defendant(s) in Accordance with Fed. R. Evid. Rule 201 at Docket 45, but it is unclear what he is requesting.

[3] Docket 1 at ¶ 5; Docket 33 at 2.

[4] See Docket 1-3.

[5] See Docket 1-3; Docket 1-7; Docket 13-1 at 1.

[6] Docket 1-7 at 1.

[7] Docket 13-1 at 2-3.

Case No. 3:22-cv-00193-SLG, Humphrey v. FBI, et al.
Order re Defendants' Motion for Summary Judgment and Plaintiff's Motion re Ineffective Assistance of Counsel
Page 2 of 16
Case 3:22-cv-00193-SLG   Document 46   Filed 12/08/23   Page 2 of 16

firearms in the State of Washington insofar as that right was lost by" his aforementioned convictions from 1989 to 2003, including the assault in the second degree.[8]

The FBI has responsibility for administering NICS.[9] "When the FBI conducts a NICS check, it . . . [can] track individuals' criminal records. . . . If the FBI determines that a potential transferee may *not* possess [a] firearm, it so notifies the licensee."[10] Upon denial of "a NICS-related firearm purchase," a person can apply to the Voluntary Appeal File ("VAF").[11] The VAF "is designed for firearm purchasers who believe they are legally allowed to buy firearms, but . . . have been denied more than once."[12] When a person applies for the VAF, "FBI personnel will research [the person's] case."[13] If the FBI determines that the person has no firearms prohibitions, it will assign the person a Unique Personal Identification Number ("UPIN") in the VAF to provide in future firearms transactions.[14]

---

[8] Docket 1-3.

[9] Docket 10 at 4.

[10] Docket 10 at 4 (emphasis in original).

[11] Docket 10 at 5.

[12] Fed. Bureau of Investigation, *Firearm-Related Challenge (Appeal) and Voluntary Appeal File (VAF)*, https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/nics/national-instant-criminal-background-check-system-nics-appeals-vaf (last visited Dec. 8, 2023) [hereafter "*VAF Process*"].

[13] *VAF Process*, supra note 12.

[14] *VAF Process*, supra note 12.

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Motion for Summary Judgment and Plaintiff's Motion re Ineffective Assistance of Counsel
Page 3 of 16
Case 3:22-cv-00193-SLG   Document 46   Filed 12/08/23   Page 3 of 16

After Mr. Humphrey was denied his firearm purchase in 2022, he applied for the VAF with the FBI.[15] The FBI sent two responses to Mr. Humphrey, both deeming him ineligible for the VAF and thereby denying him a UPIN that would allow him to purchase firearms.[16] The FBI's first response informed Mr. Humphrey that he was ineligible pursuant to 18 U.S.C. § 922(g)(1) as someone "who ha[d] been convicted in any court of a crime punishable by imprisonment for a term exceeding one year."[17] The FBI also informed Mr. Humphrey that, despite the fact his 2003 convictions had been recently vacated, "[v]acated remains a conviction."[18]

The FBI's second response informed Mr. Humphrey that he was ineligible for the VAF pursuant to Alaska Statute ("AS") § 11.61.200(a)(1), which prohibits a person from possessing "a firearm capable of being concealed on one's person after having been convicted of a felony . . . by . . . a court of another state."[19] The response also stated that Mr. Humphrey did not fall under any exception to AS § 11.61.200(a)(1) because of his 2003 conviction for felony assault in the second

---

[15] *See* Docket 33 at 2-3; Docket 1-2; Docket 1-4.

[16] Docket 1-2; Docket 1-4.

[17] Docket 1-2 at 1; 18 U.S.C. § 922(g)(1). The FBI's first response also stated that the court order Mr. Humphrey sent to the FBI showing his firearm possession rights had been restored lacked a restoration of his firearms rights lost by his 2003 convictions. Mr. Humphrey subsequently obtained an amended court order that restored the rights lost by his 2003 convictions and submitted it to the FBI, after which the FBI sent him its second response. *See* Docket 1-2 at 1; Docket 1-1; Docket 1-3; Docket 1-4.

[18] Docket 1-2 at 1.

[19] Docket 1-4.

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Motion for Summary Judgment and Plaintiff's Motion re Ineffective Assistance of Counsel
Page 4 of 16
Case 3:22-cv-00193-SLG   Document 46   Filed 12/08/23   Page 4 of 16

degree.[20] The FBI concluded its second response by informing Mr. Humphrey that he is "ineligible to purchase or possess a firearm in the state of Alaska" and that it will take "no further action" in his case.[21]

Mr. Humphrey filed a complaint in this Court challenging the ban on his possession of firearms pursuant to the Second, Fifth, and Fourteenth Amendments and seeking declaratory relief.[22] Mr. Humphrey then filed an amended complaint asserting that Defendants had misinterpreted Washington and Alaska state law with regard to his ability to possess firearms, given that his prior Washington convictions had been set aside.[23] In June 2023, Defendants informed Mr. Humphrey they had discovered that he had two 2010 convictions for Domestic Violence ("DV") Assault and Family Violence pursuant to Anchorage Municipal Code ("AMC") sections 8.10.010.B.1 and 8.10.050, respectively.[24] These

---

[20] Docket 1-4 (citing AS § 11.61.200(b)(1)(C)). Defendants assert that what the FBI meant is that Mr. Humphrey's assault conviction, which involved an assault with an automobile against three people, is similar to a violation pursuant to AS § 11.41, which covers "Alaska's crimes against a person." The exception provided by AS § 11.61.200(b)(1)(C) does not apply to a person if that person was convicted of "a violation of AS 11.41 or . . . a similar law . . . of another state." Defendants claim that Mr. Humphrey's assault conviction is similar to AS § 11.41.220(a)(1)(B), "Assault in the third degree," which criminalizes "recklessly caus[ing] physical injury to another person by means of a dangerous instrument." Defendants therefore contend that Mr. Humphrey does not have an exception to the prohibition on possessing firearms concealable on one's person. *See* Docket 10 at 10-12.

[21] Docket 1-4.

[22] Docket 1.

[23] Docket 19 at 1. It appears that Mr. Humphrey intended to incorporate his original complaint since his amended complaint alleges only this one claim.

[24] Docket 33 at 5; Docket 33-2 at 2; Docket 34 at ¶ 22.

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Motion for Summary Judgment and Plaintiff's Motion re Ineffective Assistance of Counsel
Page 5 of 16
Case 3:22-cv-00193-SLG   Document 46   Filed 12/08/23   Page 5 of 16

convictions resulted from an assault perpetrated on January 2, 2009.[25] Defendants assert that these convictions qualify as misdemeanor crimes of domestic violence ("MCDVs") and thus prohibit Mr. Humphrey from possessing any firearms pursuant to federal law, specifically 18 U.S.C. § 922(g)(9).[26]

In addition, Defendants maintain that Mr. Humphrey's Washington conviction for assault in the second degree continues to prohibit him from possessing a concealable firearm pursuant to Alaska law, despite the fact that the conviction has been set aside and the State of Washington has restored Mr. Humphrey's firearm possession rights for that conviction.[27] It appears that the FBI has kept the assault in the second degree as a prohibitor on Mr. Humphrey's NICS record pursuant to Alaska state law, and that it also added his MCDVs as a prohibitor pursuant to federal law.[28] Based on these two items, Defendants filed a motion for summary judgment in which they also incorporated their arguments from their previous motion to dismiss, requesting that the Court also dismiss Mr.

---

[25] See Docket 33-1 at 4.

[26] Docket 33 at 5; Docket 33-2 at 2. 18 U.S.C. § 922(g)(9) prohibits any person "who has been convicted in any court of a misdemeanor crime of domestic violence" from possessing any firearms or ammunition.

[27] Docket 33 at 10-13; Docket 33-2 at 1-2.

[28] See Docket 34 at ¶¶ 1, 21-23 (declaration from Celeste Cochran, FBI custodian of records, asserting that Mr. Humphrey "is prohibited from possessing a handgun under Alaska state law and is prohibited from . . . possessing . . . all firearms under federal law") (hereinafter "Cochran Declaration").

Case No. 3:22-cv-00193-SLG, Humphrey v. FBI, et al.
Order re Defendants' Motion for Summary Judgment and Plaintiff's Motion re Ineffective Assistance of Counsel
Page 6 of 16
Case 3:22-cv-00193-SLG   Document 46   Filed 12/08/23   Page 6 of 16

Humphrey's constitutional claims.[29] Subsequently, Mr. Humphrey filed a motion alleging ineffective assistance of counsel in his Alaska state court case that resulted in his 2010 MCDV convictions.[30]

## JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action with certain claims arising under federal law: 18 U.S.C. § 925A, 18 U.S.C. § 922, the Second Amendment, the Fifth Amendment, and the Fourteenth Amendment. Pursuant to 18 U.S.C. § 925A, any person denied a firearm pursuant to 18 U.S.C. § 922(t), and

> who was not prohibited from receipt of a firearm pursuant to [§ 922(g)], may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be.

It appears that Mr. Humphrey brings his claim pursuant to 18 U.S.C. § 922(t), which governs how a firearm may be transferred after a NICS background check is initiated.[31]

---

[29] Docket 33 at 1-2, 4 & n.2.

[30] Docket 39.

[31] *See* Docket 1 at ¶¶ 12-20 (Compl.); Docket 19 at ¶ 1 (Am. Compl.). The Government also acknowledges that Mr. Humphrey challenges his NICS firearm denial pursuant to 18 U.S.C. § 922(t), and that his claim is thus reviewable pursuant to 18 U.S.C. § 925A. Docket 22 at 2.

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Motion for Summary Judgment and Plaintiff's Motion re Ineffective Assistance of Counsel
Page 7 of 16
Case 3:22-cv-00193-SLG   Document 46   Filed 12/08/23   Page 7 of 16

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the movant.[32] If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[33] The non-moving party may not rely on "mere allegations or denials"; rather, to reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party."[34] When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[35] "[W]here the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party."[36]

---

[32] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[33] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[34] *Anderson*, 477 U.S. at 248-49 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)).

[35] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

[36] *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (first citing *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir. 1982); and then citing *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003)).

Case No. 3:22-cv-00193-SLG, Humphrey v. FBI, et al.
Order re Defendants' Motion for Summary Judgment and Plaintiff's Motion re Ineffective Assistance of Counsel
Page 8 of 16
Case 3:22-cv-00193-SLG   Document 46   Filed 12/08/23   Page 8 of 16

## DISCUSSION

The Court first addresses Mr. Humphrey's motion regarding ineffective assistance of counsel before turning to Defendants' motion for summary judgment.

### I. Motion Regarding Ineffective Assistance of Counsel

In Mr. Humphrey's motion, he appears to contend that his attorney pressured him into pleading guilty to the MCDVs on the day Mr. Humphrey's trial was scheduled to begin, when he had his 16-month-old son with him in court.[37] Mr. Humphrey also asserts that his defense counsel failed to inform him that a guilty plea to an MCDV would deprive him of his firearm possession rights.[38] However, any claim for post-conviction relief regarding ineffective assistance of counsel must be filed with the state court.[39] The Court notes, however, that Mr. Humphrey is likely time-barred from obtaining such post-conviction relief at this time.[40] Because the claim is not properly before the Court, the Court denies Mr.

---

[37] Docket 39 at 2.

[38] Docket 39 at 2.

[39] *See* AS § 12.72.030(a) ("An application for post-conviction relief shall be filed with the clerk at the court location where the underlying criminal case is filed.").

[40] *See* AS § 12.72.020 (outlining time limitations on applications for post-conviction relief). Further, construing Mr. Humphrey's motion as a 28 U.S.C. § 2254 petition for habeas relief does not permit the Court to consider his claims. There is no evidence that Mr. Humphrey was "in custody" for the MCDVs when he filed the motion. *See Wright v. Alaska*, 47 F.4th 954, 959 (9th Cir. 2022) (noting that, "to challenge [an] Alaska conviction under § 2254, [a petitioner] must demonstrate that (1) he was 'in custody' at the time he filed his § 2254 petition, and (2) that custody was 'pursuant to' the Alaska judgment." (quoting 28 U.S.C. § 2254(a))).

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Motion for Summary Judgment and Plaintiff's Motion re Ineffective Assistance of Counsel
Page 9 of 16
Case 3:22-cv-00193-SLG   Document 46   Filed 12/08/23   Page 9 of 16

Humphrey's motion regarding the alleged ineffective assistance of his counsel in state court.

## II. Motion for Summary Judgment

In their motion for summary judgment, Defendants raise three arguments: (1) that Mr. Humphrey's 2010 MCDV convictions federally prohibit him from possessing any firearms; (2) that Mr. Humphrey's Washington state conviction for assault in the second degree, which was set aside, prohibits him from possessing concealable firearms pursuant to Alaska state law; and (3) that Mr. Humphrey's constitutional claims should be dismissed for failure to state a claim upon which relief can be granted.[41]

### a. Mr. Humphrey's MCDV Convictions

Defendants first assert that Mr. Humphrey's 2010 MCDV convictions for DV Assault and Family Violence federally prohibit him from possessing any firearms pursuant to 18 U.S.C. § 922(g)(9).[42] That statute prohibits any person "who has been convicted in any court of a misdemeanor crime of domestic violence" from possessing any firearms or ammunition.[43] The FBI did not identify these

---

[41] Docket 33 at 7-14.

[42] Docket 33 at 7-8.

[43] 18 U.S.C. § 922(g)(9).

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Motion for Summary Judgment and Plaintiff's Motion re Ineffective Assistance of Counsel
Page 10 of 16

convictions when it denied Mr. Humphrey's VAF application in 2022; rather, these convictions were first raised in June 2023.[44]

Mr. Humphrey's 2010 MCDV convictions under the Anchorage Municipal Code do not prohibit him from possessing firearms under federal law. Pursuant to 18 U.S.C. § 921(a)(33)(A), a "misdemeanor crime of domestic violence" means an offense that

> (i) is a misdemeanor under Federal, State, Tribal, or local law; and
>
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, by a person similarly situated to a spouse, parent, or guardian of the victim, or by a person who has a current or recent former dating relationship with the victim.[45]

However, § 921(a)(33)(A)(i) did not define an MCDV to include misdemeanors under "local law" until the Consolidated Appropriations Act 2022 added that term on March 15, 2022.[46] Because "[t]he *Ex Post Facto* Clause flatly prohibits retroactive application of penal legislation"[47]—and 18 U.S.C. § 921(a)(33)(A) is penal legislation—only those individuals who were convicted under local law of an

---

[44] *See* Docket 33 at 5; Docket 33-2 at 1-2.

[45] 18 U.S.C. § 921(a)(33)(A).

[46] *See* Pub. L. No. 117-103, § 1104(a), 136 Stat. 49, 921 (2022); *United States v. Pauler*, 857 F.3d 1073, 1075-78 (10th Cir. 2017) (holding that MCDVs under local and municipal law did not qualify as federal prohibitors under the prior version of 18 U.S.C. § 921(a)(33)).

[47] *Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994).

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Motion for Summary Judgment and Plaintiff's Motion re Ineffective Assistance of Counsel
Page 11 of 16
Case 3:22-cv-00193-SLG   Document 46   Filed 12/08/23   Page 11 of 16

MCDV on or after March 15, 2022, would be federally prohibited from possessing a firearm. Mr. Humphrey's local law MCDV convictions occurred in 2010.[48] Therefore, this federal firearm prohibition does not apply to him.

### b. Mr. Humphrey's Washington State Conviction

Defendants next assert that Mr. Humphrey's 2003 Washington state conviction for assault in the second degree, which was set aside by the State of Washington and for which his firearm possession rights were restored, prohibits him from possessing concealable firearms pursuant to Alaska state law.[49] In support, Defendants cite to Alaska Statute ("AS") § 11.61.200(a), which prohibits a person from possessing "a firearm capable of being concealed on one's person after having been convicted of a felony . . . by . . . a court of another state." Exceptions to this rule are found at AS § 11.61.200(b)(1), which exempts a person from this prohibition if:

(A) the person convicted of the prior offense on which the action is based received a pardon for that conviction;

(B) the underlying conviction upon which the action is based has been set aside under AS 12.55.085 or as a result of post-conviction proceedings; or

(C) a period of 10 years or more has elapsed between the date of the person's unconditional discharge on the prior offense or adjudication of juvenile delinquency and the date of the violation of (a)(1) of this section, and the prior conviction or adjudication of juvenile delinquency did not result from a violation of AS 11.41 or of a similar law of the United States or of another state or territory.

---

[48] Docket 33-1 at 2-4.

[49] Docket 33 at 10-13.

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Motion for Summary Judgment and Plaintiff's Motion re Ineffective Assistance of Counsel
Page 12 of 16
Case 3:22-cv-00193-SLG   Document 46   Filed 12/08/23   Page 12 of 16

Defendants contend that "[a]lthough AS 11.61.200(b)(1)(B) provides an exception to the prohibitions of AS 11.61.200(a) when an underlying conviction has been set aside 'as a result of post-conviction proceedings,' Plaintiff does not qualify under this exception."[50] Defendants assert that the exception applies "only for set asides and post-conviction relief *as contemplated by Alaska law*."[51] They maintain that "[a]ny broader interpretation of the statute—for example, an interpretation that would include any and all post-conviction relief from other jurisdictions—would produce an illogical, absurd, and potentially dangerous result for the Alaskan community."[52] Defendants note that post-conviction proceedings under Alaska law "are narrow and limited in scope," but that the State of Washington allows for post-conviction relief for certain offenses "based on passage of time and reformed criminal history," which Alaska does not.[53] They

---

[50] Docket 33 at 10. At the initiation of this case, the FBI had denied Mr. Humphrey's request to be added to the VAF pursuant to 18 U.S.C. § 922(g)(1), AS § 11.61.200(a)(1), and AS § 11.61.200(b)(1)(C). Docket 1-2; Docket 1-4. The FBI has since corrected Mr. Humphrey's records to reflect that he no longer has a felony for the purposes of 18 U.S.C. § 922(g)(1). *See* Docket 33 at 13-14 n.4. And while Defendants maintain that AS § 11.61.200(a)(1) is still a prohibitor, it appears that, after some questioning by the Court, they no longer consider the exception pursuant to AS § 11.61.200(b)(1)(C) to be relevant, but only that of AS § 11.61.200(b)(1)(B). *See* Docket 16 at 1; Docket 18; Docket 33 at 10-13.

[51] Docket 33 at 11 (emphasis added).

[52] Docket 33 at 11.

[53] Docket 33 at 11-12 (first citing AS § 12.72.010; and then citing RCW § 9.94A.640).

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Motion for Summary Judgment and Plaintiff's Motion re Ineffective Assistance of Counsel
Page 13 of 16
Case 3:22-cv-00193-SLG   Document 46   Filed 12/08/23   Page 13 of 16

highlight that "there are no post-conviction proceedings analogous to RCW 9.94A.640 . . . under Alaska law."[54]

But Defendants' position that only convictions set aside on bases authorized by Alaska law runs afoul of the Full Faith and Credit Clause.[55]

> "A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." *A State may not disregard the judgment of a sister State because it disagrees with the reasoning underlying the judgment or deems it to be wrong on the merits.* On the contrary, "the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based."[56]

Moreover, the statute expressly applies to out-of-state convictions; logically, it must also apply to out-of-state convictions that are set aside. In the instant case, the State of Washington, pursuant to RCW § 9.94A.640, set aside Mr. Humphrey's assault conviction that he received in a Washington state court.[57] And the State of Washington also expressly restored his right to possess firearms for that conviction pursuant to RCW § 9.41.040(4).[58]

---

[54] Docket 33 at 12.

[55] U.S. Const. art. IV, § 1.

[56] *V.L. v. E.L.*, 577 U.S. 404, 407 (2016) (emphasis added) (first quoting *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 233 (1998); and then quoting *Milliken v. Meyer*, 311 U.S. 457, 462 (1940)).

[57] *See* Docket 13-1 at 1-3. The Washington state order provides: "The guilty verdict for every offense listed in paragraph 3.1 is set aside." Docket 13-1 at ¶ 3.2. The list in paragraph 3.1 includes Mr. Humphrey's conviction for assault in the second degree. Docket 13-1 at ¶ 3.1.

[58] Docket 1-3 at 1-2 (stating that "[t]he court finds defendant is eligible for restoration of right to possess firearms pursuant to RCW 9.41.040(4)" and ordering restoration of right for Mr.

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Motion for Summary Judgment and Plaintiff's Motion re Ineffective Assistance of Counsel
Page 14 of 16
Case 3:22-cv-00193-SLG   Document 46   Filed 12/08/23   Page 14 of 16

Accordingly, the Court finds that the exception laid out in AS § 11.61.200(b)(1)(B) applies to Mr. Humphrey and that there is no prohibition against Mr. Humphrey from possessing any firearm pursuant to Alaska law.

For the foregoing reasons, the Court finds that there is currently no federal or state prohibition on Mr. Humphrey's right to possess a firearm.

### c. Plaintiff's Constitutional Claims

Finally, Defendants request that the Court dismiss Mr. Humphrey's constitutional claims pursuant to the Second, Fifth, and Fourteenth Amendments for failure to state a claim upon which relief can be granted.[59] However, the Court does not reach Mr. Humphrey's constitutional claims because the Court grants him relief on other grounds.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Plaintiff's Motion Regarding Ineffective Assistance of Counsel is DENIED, and that Defendants' Motion for Summary Judgment is DENIED; instead, the Court grants summary judgment to Plaintiff. IT IS FURTHER ORDERED that:

---

Humphrey's 2003 assault conviction). Defendants also appear to assert that Mr. Humphrey's firearm rights have not been restored pursuant to Alaska law because the Washington Restoration Order provides that it "does not restore the defendant's right to possess firearms under the laws of the United States or of any other State." Docket 33 at 12 (quoting Docket 1-3 at 2). But when the Washington conviction was set aside, Mr. Humphrey was no longer prohibited from possessing concealed firearms in Alaska based on that conviction by virtue of AS § 11.61.200(b)(1)(B).

[59] Docket 33 at 13-14; Docket 1 at ¶¶ 21-39.

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Motion for Summary Judgment and Plaintiff's Motion re Ineffective Assistance of Counsel
Page 15 of 16
Case 3:22-cv-00193-SLG   Document 46   Filed 12/08/23   Page 15 of 16

- The FBI shall correct the erroneous NICS information regarding Mr. Humphrey's 2010 MCDVs to reflect that they are not federal firearm prohibitors;

- The FBI shall correct the erroneous NICS information regarding Mr. Humphrey's set-aside Washington state conviction for assault in the second degree to reflect that it is not a firearm prohibitor under Alaska law;

- Plaintiff's constitutional claims pursuant to the Second, Fifth, and Fourteenth Amendments are dismissed without prejudice; and

- Any other pending motions are DENIED as moot.[60]

The Clerk of Court shall enter a final judgment for Plaintiff accordingly.

DATED this 8th day of December, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[60] *See* Docket 30; Docket 31; Docket 35; Docket 45.

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Motion for Summary Judgment and Plaintiff's Motion re Ineffective Assistance of Counsel
Page 16 of 16

Case 3:22-cv-00193-SLG   Document 46   Filed 12/08/23   Page 16 of 16