# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DION KIRK HUMPHREY,<br><br>    Plaintiff,<br><br>  v.<br><br>THE U.S. FEDERAL BUREAU OF INVESTIGATIONS, *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-00193-SLG |

**ORDER RE DEFENDANTS' RULE 59 MOTION TO AMEND THE JUDGMENT AND PLAINTIFF'S MOTION FOR PRO SE ATTORNEY FEES**

  Before the Court at Docket 52 is Defendants' Rule 59 Motion to Amend the Judgment. Self-represented Plaintiff Dion Humphrey responded in opposition at Docket 54; Defendants did not reply. Also before the Court at Docket 50 is Mr. Humphrey's Motion for Pro Se Attorney Fees Under Rule 11 of the Federal Rules of Civil Procedure.[1] Defendants responded in opposition at Docket 55; Mr. Humphrey did not reply. Oral argument was not requested for either motion and was not necessary to the Court's determination of these motions.

## BACKGROUND

  At issue is whether Mr. Humphrey, who was convicted in 2010 of two misdemeanor crimes of domestic violence ("MCDVs") under the local law of the

---

[1] Mr. Humphrey also filed a "Bill of Costs" at Docket 49.

Municipality of Anchorage, Alaska,[2] among other offenses, is federally prohibited from possessing a firearm pursuant to 18 U.S.C. § 922(g)(9). The factual background is set out in the Court's order at Docket 46; the Court assumes familiarity here. On December 8, 2023, the Court issued an order ruling that Mr. Humphrey was not federally prohibited from possessing firearms because his 2010 local MCDV convictions did not, until 2022, fall under the federal definition of MCDVs set forth in 18 U.S.C. § 921(a)(33)(A)(i).[3] The Court held that a contrary reading would violate the ex post facto clause; the Court thus denied Defendants' Motion for Summary Judgment and instead entered summary judgment in favor of Mr. Humphrey.[4] Defendants then filed their motion to amend the judgment on December 29, 2023, citing controlling Ninth Circuit precedent regarding the applicability of the ex post facto clause to 18 U.S.C. § 922(g) offenses.[5] Defendants noted that the parties did not brief the ex post facto issue prior to the Court entering its order.[6] For the reasons stated herein, the Court grants Defendants' motion to amend the judgment and denies Mr. Humphrey's motion for attorney fees.

---

[2] *See* Docket 33-1 at 2-4.

[3] *See* Docket 46 at 11-12; Consolidated Appropriations Act 2022, Pub. L. No. 117-103, § 1104(a), 136 Stat. 49, 921 (2022).

[4] Docket 46 at 11-12, 15-16.

[5] *See* Docket 52 at 5-6.

[6] Docket 52 at 4-5.

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Rule 59 Motion to Amend the Judgment and Plaintiff's Motion for Pro Se Attorney Fees
Page 2 of 15
Case 3:22-cv-00193-SLG   Document 56   Filed 02/29/24   Page 2 of 15

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a district court to reconsider and amend a previous order. However, Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[7]

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.[8]

A Rule 59(e) motion should not be used to raise arguments or present evidence for the first time when they reasonably could have been raised earlier in the litigation.[9]

## DISCUSSION

For the reasons set forth below, the Court grants Defendants' motion to amend the judgment.

### I. Ex Post Facto Clause

Defendants assert that "[a]mendment of the Court's order is appropriate here because Ninth Circuit precedent makes clear that individuals convicted of MCDV under 'local laws' are presently barred from possessing firearms regardless

---

[7] *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted).

[8] *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted).

[9] *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Rule 59 Motion to Amend the Judgment and Plaintiff's Motion for Pro Se Attorney Fees
Page 3 of 15
Case 3:22-cv-00193-SLG   Document 56   Filed 02/29/24   Page 3 of 15

of whether the MCDV conviction predated changes to the definition of MCDV."[10] Defendants maintain that "Ninth Circuit precedent reflects that § 922(g)(9)'s application to Mr. Humphrey does not implicate the *Ex Post Facto* Clause" because "the relevant crime is current possession of a firearm, not the predicate MCDV that is required to trigger the bar on possession."[11]

In response, Mr. Humphrey again cites to the "dating relationship" exception provided by the Bipartisan Safer Communities Act of 2022, which, if applicable to him, would automatically restore his firearm possession rights after five years had elapsed from the end of his criminal sentence if he committed no further crimes of violence.[12] Mr. Humphrey also relies on the Court's original ruling but does not provide any additional authorities in opposition to Defendants' motion.[13]

> With regard to the ex post facto clause, the Supreme Court has held that
>
> any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto.*[14]

---

[10] Docket 52 at 4.

[11] Docket 52 at 5 (first citing *United States v. Arzate-Nunez*, 18 F.3d 730, 734 (9th Cir. 1994); and then citing *United States v. Huss*, 7 F.3d 1444, 1447 (9th Cir. 1993)).

[12] Docket 54 at 1-2; Bipartisan Safer Communities Act, Pub. L. 117-159, § 12005, 136 Stat. 1313, 1332-33 (2022) (codified at 18 U.S.C. § 921(a)(33)).

[13] Docket 54 at 2.

[14] *Collins v. Youngblood*, 497 U.S. 37, 42 (1990) (citation omitted).

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Rule 59 Motion to Amend the Judgment and Plaintiff's Motion for Pro Se Attorney Fees
Page 4 of 15
Case 3:22-cv-00193-SLG   Document 56   Filed 02/29/24   Page 4 of 15

However, in *United States v. Huss*, the Ninth Circuit held that an Oregon law restricting felons from carrying firearms did not constitute punishment for a prior conviction; rather, it held that if a change in the law is a "bona fide regulation" furthering "substantial and legitimate safety interest[s]," then it is "not bad as an ex post facto law even though the right to engage in the conduct is made to depend on past behavior, even behavior before the passage of the regulatory act."[15] And yet "a legislature may not insulate itself from an ex post facto challenge simply by asserting that a statute's purpose is to regulate present conduct rather than punish prior conduct. The overall design and effect of the statute must bear out the non-punitive intent."[16] In *United States v. Arzate-Nunez*, the Ninth Circuit further expanded on its decision in *Huss*, holding "that the relevant offense for laws prohibiting ex-felons from carrying firearms is the offense of carrying a firearm, not the predicate felony."[17] The Circuit Court explained that "such laws, even when they rely on past criminal convictions, do not run afoul of the ex post facto clause as long as 'the past conduct can reasonably be said to indicate unfitness to engage in the future activity.'"[18]

---

[15] 7 F.3d at 1447-48 (quoting *Cases v. United States*, 131 F.2d 916, 921 (1st Cir. 1942)), *overruled on other grounds by United States v. Sanchez-Rodriguez*, 161 F.3d 556 (9th Cir. 1998).

[16] *Id.* (citing *United States v. Ward*, 448 U.S. 242, 248-49 (1980)).

[17] 18 F.3d at 734 (citing *Huss*, 7 F.3d at 1447).

[18] *Id.* (quoting *Huss*, 7 F.3d at 1448).

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Rule 59 Motion to Amend the Judgment and Plaintiff's Motion for Pro Se Attorney Fees
Page 5 of 15
Case 3:22-cv-00193-SLG   Document 56   Filed 02/29/24   Page 5 of 15

This Court's prior order held that the 2022 change in the law that added local MCDVs to the federal definition of MCDVs was penal legislation, which, if applied retroactively, would violate the ex post facto clause.[19] However, based on the above cited cases, which are controlling precedent, the Court's prior holding is incorrect. In *Huss*, the defendant was convicted of burglary in 1987 under Oregon law; at that time, "Oregon law prohibited felons from carrying any guns other than long guns."[20] In 1990, "the Oregon legislature changed the law to prohibit felons from possessing all firearms."[21] The defendant argued that the change in the law, which prohibited him from carrying a long gun based on conduct committed before the change in the law, increased his punishment for his 1987 conviction and was therefore an ex post facto violation.[22] However, the Ninth Circuit held that "the past conduct considered by the Oregon legislature can reasonably be said to indicate unfitness to engage in the future activity of possessing firearms," and that the statute "as a whole makes it clear that the Oregon legislature's intent was to provide for the safety of its citizens by restricting firearms possession from those likely to engage in dangerous conduct."[23] The Circuit Court concluded that it was

---

[19] *Humphrey v. U.S. Fed. Bureau of Investigations*, Case No. 3:22-CV-00193-SLG, 2023 WL 8527090, at *5 (D. Alaska Dec. 8, 2023).

[20] *Huss*, 7 F.3d at 1446 (citation omitted).

[21] *Id.* (citation omitted).

[22] *Id.* at 1446-47 (citations omitted).

[23] *Id.* at 1448 (citations omitted).

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Rule 59 Motion to Amend the Judgment and Plaintiff's Motion for Pro Se Attorney Fees
Page 6 of 15
Case 3:22-cv-00193-SLG   Document 56   Filed 02/29/24   Page 6 of 15

"evident that the legislature tailored the statute to meet its legitimate safety interest in regulating weapons."[24] In addition, the Ninth Circuit held that the statute, which had the "marginal effect of adding long guns to the otherwise exhaustive list of restricted weapons," did not "amount to punishment for ex post facto purposes."[25]

In *Arzate-Nunez*, the defendant was convicted of a drug offense in 1985 under California law; at that time, California law "defined his offense as a regular, rather than an aggravated, felony."[26] In 1988, federal law changed so as to define his offense as an aggravated felony; in 1991, the Sentencing Guidelines changed to provide enhanced penalties for illegal reentry into the United States following an aggravated felony.[27] In 1992, the defendant illegally reentered the United States, and he was indicted with a charge that subjected him to increased penalties if he had a prior conviction for an aggravated felony.[28] The government alleged that his 1985 drug conviction qualified as an aggravated felony, but the defendant argued that such a stance would violate the ex post facto clause.[29] While the Ninth Circuit agreed that change in the law disadvantaged the defendant, it held that the law

---

[24] *Id.*

[25] *Id.*

[26] 18 F.3d at 732-33.

[27] *Id.* at 733 (citations omitted).

[28] *Id.* at 732.

[29] *Id.*

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Rule 59 Motion to Amend the Judgment and Plaintiff's Motion for Pro Se Attorney Fees
Page 7 of 15
Case 3:22-cv-00193-SLG   Document 56   Filed 02/29/24   Page 7 of 15

was not retrospective, because the relevant offense was the defendant's 1992 illegal reentry, not his 1985 drug offense.[30] The Circuit Court held that "[f]or purposes of analyzing repeat offender statutes and statutes increasing penalties for future crimes based on past crimes, the relevant 'offense' is the current crime, not the predicate crime."[31] The Ninth Circuit explained that the defendant's situation was "more analogous to that of a defendant sentenced under a repeat offender statute or a person convicted of being a felon in possession of a firearm," and it thus held that there was no ex post facto violation.[32]

In the instant case, Mr. Humphrey received MCDV convictions under local law in 2010, well before the 2022 change in the law that now prohibits anyone with a local MCDV conviction from possessing firearms.[33] Prior to the change in the law, Congress had already made it illegal for individuals with MCDV convictions under federal, state, or tribal law to possess firearms.[34] Thus, it can reasonably be said that Congress found that the conduct of individuals with domestic violence convictions "indicate[d] unfitness to engage in the future" possession of firearms.[35]

---

[30] *Id.* at 733-34 ("In order to prove an ex post facto violation, a defendant must show (1) that the law at issue disadvantages him and (2) that the law is retrospective, in that it applies to events occurring before its enactment.").

[31] *Id.* at 734 (citations omitted).

[32] *Id.* at 735.

[33] Docket 33-1 at 2-4; § 1104(a), 136 Stat. at 921.

[34] *See* 18 U.S.C. § 921(a)(33)(A)(i); § 1104(a), 136 Stat. at 921.

[35] *See Arzate-Nunez*, 18 F.3d at 734 (quoting *Huss*, 7 F.3d at 1448).

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Rule 59 Motion to Amend the Judgment and Plaintiff's Motion for Pro Se Attorney Fees
Page 8 of 15

Case 3:22-cv-00193-SLG   Document 56   Filed 02/29/24   Page 8 of 15

While the local MCDV conviction prohibition was not added until 2022, the addition clearly falls within the umbrella category of MCDV offenses and can similarly be said "to indicate unfitness to engage in the future" possession of firearms.[36] Additionally, just as "the relevant offense for laws prohibiting ex-felons from carrying firearms is the offense of carrying a firearm, not the predicate felony," the relevant offense in Mr. Humphrey's case would be his possession of a firearm due to his prior MCDV convictions, not the MCDV convictions themselves.[37] While this change in the law makes "the right to engage in the conduct . . . depend[ant] on past behavior," the Court finds that, like in *Huss*, the law is a bona fide regulation furthering substantial and legitimate safety interests and thus bears a non-punitive intent.[38] Accordingly, the Court finds that there is no ex post facto violation here, and Mr. Humphrey's 2010 local MCDV convictions now federally prohibit him from possessing any firearms.[39]

As to Mr. Humphrey's claim that he falls under the "dating relationship" exception pursuant to 18 U.S.C. § 921(a)(33)(C), the Court finds his argument unpersuasive.[40] Mr. Humphrey acknowledged that he has a child in common with

---

[36] *Id.* (quoting *Huss*, 7 F.3d at 1448).

[37] *See id.* (citing *Huss*, 7 F.3d at 1447).

[38] *Huss*, 7 F.3d at 1447-48 (quoting *Cases*, 131 F.2d at 921).

[39] To remove the federal prohibition, Mr. Humphrey would have to get his MCDV convictions set aside.

[40] *See* Docket 54 at 1-2.

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Rule 59 Motion to Amend the Judgment and Plaintiff's Motion for Pro Se Attorney Fees
Page 9 of 15
Case 3:22-cv-00193-SLG   Document 56   Filed 02/29/24   Page 9 of 15

the victim of the MCDVs.[41] As a result, the dating exception does not apply to him, because "[r]estoration under this subparagraph is not available for . . . a person with whom the victim shares a child in common."[42]

## II. Plaintiff's Constitutional Claims

In its prior order, the Court did not reach Mr. Humphrey's constitutional claims because it granted him relief on other grounds.[43] Because the Court now finds in favor of Defendants on the ex post facto issue, the Court addresses Mr. Humphrey's constitutional claims here. Defendants previously requested that the Court dismiss Mr. Humphrey's Second, Fifth, and Fourteenth Amendment claims for failure to state a claim upon which relief can be granted.[44] Mr. Humphrey generally alleges that the prohibition against his possession of firearms is an "overbroad infringement," "impermissible burden," and "unconstitutionally broad ban" on his Second Amendment, Fifth Amendment due process, and Fourteenth

---

[41] *See* Docket 37 at ¶ 1-3.

[42] 18 U.S.C. § 921(a)(33)(C). Although Mr. Humphrey asserts that he "did not have legal knowledge or authority of" his child with the victim at the time of the assault, he does not cite to any authority that would change the analysis here, and the Court is not aware of any such authority. Docket 54 at 2.

[43] *Humphrey*, 2023 WL 8527090, at *6.

[44] Docket 33 at 13-14; Docket 1 at ¶¶ 21-39. While Defendants did not mention the Second Amendment in this part of their motion, they included a footnote incorporating their previous Motion to Dismiss at Docket 10, which does make mention of the Second Amendment. Docket 33 at 13 n.4; Docket 10 at 13-18. Accordingly, the Court considers all of Mr. Humphrey's constitutional claims.

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Rule 59 Motion to Amend the Judgment and Plaintiff's Motion for Pro Se Attorney Fees
Page 10 of 15
Case 3:22-cv-00193-SLG   Document 56   Filed 02/29/24   Page 10 of 15

Amendment equal protection and due process rights.[45] He also asserts a constitutional violation because "there is no reasonable Administrative procedure . . . [to] regain . . . Second Amendment rights after being denied by the Voluntary Appeal Process within the U.S [sic] Federal Bureau of Investigations" ("FBI").[46] Further, he alleges that he "intends to acquire firearms for both personal protection, subsistence[,] and for recreation."[47]

The Court first addresses Mr. Humphrey's Second Amendment claim. As the Supreme Court in *District of Columbia v. Heller* explained, "the right secured by the Second Amendment is not unlimited" and is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose."[48] The Supreme Court emphasized that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," and that the prohibition on the possession of firearms by felons was "presumptively lawful."[49] In *New York State Rifle & Pistol Ass'n v. Bruen*, the Supreme Court held that, in analyzing Second Amendment challenges, "the government must demonstrate that the [challenged] regulation is consistent with this Nation's

---

[45] *See* Docket 1 at ¶¶ 21-39.

[46] Docket 1 at ¶ 25 (emphasis omitted).

[47] Docket 1 at ¶ 5.

[48] 554 U.S. 570, 626 (2008).

[49] *Id.* at 626, 627 n.26.

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Rule 59 Motion to Amend the Judgment and Plaintiff's Motion for Pro Se Attorney Fees
Page 11 of 15
Case 3:22-cv-00193-SLG   Document 56   Filed 02/29/24   Page 11 of 15

historical tradition of firearm regulation."[50]  But the Supreme Court upheld its decision in *Heller* regarding the prohibition on the possession of firearms by felons.[51]  In his concurrence, Justice Kavanaugh, joined by Chief Justice Roberts, stated that *Bruen* does not disturb what the Court said in *Heller* about the restrictions imposed on possessing firearms, namely the "longstanding prohibitions on the possession of firearms by felons."[52]  Justice Alito also stated in his concurrence: "Nor have we disturbed anything that we said in *Heller* or *McDonald* . . . ."[53]  And in the dissent, Justice Breyer, joined by Justices Kagan and Sotomayor, stated that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws prohibiting firearms possession by felons.[54]

In light of *Bruen*, this Court and many others have continued to uphold the constitutionality of the firearm prohibition on individuals with MCDV convictions

---

[50] 597 U.S. 1, 17 (2022).

[51] The *Bruen* Court explained that *Heller* does not support the two-step means-ends scrutiny applied by the circuit courts, but it did not alter *Heller's* statement that the prohibition of firearms by felons is "longstanding" and "presumptively lawful."  *See Bruen*, 597 U.S. at 19; *United States v. Ingram*, 623 F. Supp. 3d 660, 663 (D.S.C. 2022) ("The Court agrees with the government that *Bruen* clarified and 'reiterated[,]' rather than modified, the constitutional ruling in *Heller*.").  Indeed, the *Bruen* majority noted that the holding is "[i]n keeping with *Heller*." *Bruen*, 597 U.S. at 17.

[52] *Id.* at 81 (Kavanaugh, J., concurring) (citation omitted).

[53] *Id.* at 72 (Alito, J., concurring).

[54] *Id.* at 129 (Breyer, J., dissenting).

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Rule 59 Motion to Amend the Judgment and Plaintiff's Motion for Pro Se Attorney Fees
Page 12 of 15
Case 3:22-cv-00193-SLG   Document 56   Filed 02/29/24   Page 12 of 15

pursuant to 18 U.S.C. § 922(g)(9).[55] Thus, Mr. Humphrey's Second Amendment claim fails.

The Court now addresses Mr. Humphrey's Fifth and Fourteenth Amendment due process claims. Mr. Humphrey asserts that "[t]he unconstitutionally broad ban on acquiring a firearm without providing for a means to seek review and relief from such a ban violates [his] right to equal protection of the law" under both the Fifth and Fourteenth Amendments.[56] However, the Court notes that Mr. Humphrey has indeed been able to seek review and relief from his federal firearm prohibition through both the FBI's Voluntary Appeal Process and this lawsuit, even though his request for relief has been denied. And to the extent that Mr. Humphrey's claim is that there is no reasonable set-aside procedure to regain his firearm rights, which violates his right to due process, the Court finds such an argument unpersuasive. Mr. Humphrey has not cited to—and the Court is unaware of any—authority that delineates what set-aside procedures must exist in each state.[57] Furthermore,

---

[55] *See, e.g.*, *United States v. Ryno*, __ F. Supp. 3d ___, Case No. 3:22-cr-00045-JMK, 2023 WL 3736420, at *7 (D. Alaska May 31, 2023) (holding that there is "sufficient historical guidance and analogues for the constitutionality of 18 U.S.C. § 922(g)(9)"; *United States v. Padgett*, Case No. 3:21-cr-00107-TMB-KFR, 2023 WL 2986935, at *11 (D. Alaska Apr. 18, 2023); *United States v. Guthery*, Case No. 2:22-cr-00173-KJM, 2023 WL 2696824, at *5 (E.D. Cal. Mar. 29, 2023) ("As some courts observe, colleagues considering the constitutionality of § 922(g)(9)—the related provision prohibiting firearm possession by domestic violence misdemeanants—have declined to find that statute unconstitutional post-*Bruen*." (citing *United States v. Kays*, 624 F. Supp. 3d 1262, 1266-67 (W.D. Okla. 2022))); *United States v. Jackson*, 622 F. Supp. 3d 1063, 1067 (W.D. Okla. 2022) ("Domestic violence misdemeanants can logically be viewed as 'relevantly similar to felons' who should be 'denied weapons for the same reasons.'" (citation omitted)).

[56] *See* Docket 1 at ¶¶ 29, 36-37.

[57] In any case, the State of Alaska does have procedures for post-conviction relief. *See* Alaska

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Rule 59 Motion to Amend the Judgment and Plaintiff's Motion for Pro Se Attorney Fees
Page 13 of 15
Case 3:22-cv-00193-SLG   Document 56   Filed 02/29/24   Page 13 of 15

because Mr. Humphrey brings this suit against the federal government and not a state, the Fourteenth Amendment is inapplicable here because it only applies to claims against a state.[58] Finally, given that Mr. Humphrey is barred from possessing any firearms due to his MCDV convictions, the Court finds that amendment of his complaint would be futile, and the Court therefore denies him leave to amend.[59] Accordingly, the Court dismisses Mr. Humphrey's constitutional claims with prejudice.

Because Mr. Humphrey is not the prevailing party, his Motion for Pro Se Attorney Fees Under Rule 11 of the Federal Rules of Civil Procedure at Docket 50 and request for costs at Docket 49 must be denied.[60]

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendants' Rule 59 Motion to Amend the Judgment at Docket 52 is GRANTED. Accordingly, the Court's order

---

Statute § 12.72.010.

[58] *See* U.S. Const. amend. XIV, § 1 ("No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.").

[59] *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend.").

[60] Even if Mr. Humphrey were the prevailing party, pro se litigants typically are not awarded attorney fees. *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) ("Pro se plaintiffs, though, are not entitled to attorney's fees." (citing *Kay v. Ehrler*, 499 U.S. 432, 438 (1991))); *Grant v. Nat'l Coll. for DUI Def.*, Case No. CV 12-3255-GW(AGRx), 2012 WL 12886965, at *1 (C.D. Cal. Aug. 30, 2012) (noting that, with regard to a Rule 11 motion, a pro se litigant "would not . . . be entitled to a fee award"), *aff'd*, 586 F. App'x 693 (9th Cir. 2014).

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Rule 59 Motion to Amend the Judgment and Plaintiff's Motion for Pro Se Attorney Fees
Page 14 of 15
Case 3:22-cv-00193-SLG   Document 56   Filed 02/29/24   Page 14 of 15

at Docket 46 is VACATED, and the Court grants summary judgment to Defendants. Mr. Humphrey's claims pursuant to the Second, Fifth, and Fourteenth Amendments are DISMISSED with prejudice. Mr. Humphrey's Motion for Pro Se Attorney Fees Under Rule 11 of the Federal Rules of Civil Procedure at Docket 50 is also DENIED.

The Clerk of Court shall enter an amended judgment.

DATED this 29th day of February, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00193-SLG, *Humphrey v. FBI, et al.*
Order re Defendants' Rule 59 Motion to Amend the Judgment and Plaintiff's Motion for Pro Se Attorney Fees
Page 15 of 15
Case 3:22-cv-00193-SLG   Document 56   Filed 02/29/24   Page 15 of 15